## OLIVERAS *v.* THE REGISTRAR OF PROPERTY.

## APPEAL from a Decision of the Registrar of Property of Ponce.

### No. 10.—Decided June 27, 1907.

TAXES—REDEMPTION OF PROPERTY SOLD AT PUBLIC AUCTION.—The provisions of the Act of March 14, 1907, amending section 348 of the Political Code extending the term of 90 to 180 days granted by that section within which to redeem property or real estate sold for taxes, cannot be given a retroactive effect and made applicable to a case in which the sale of the real property was held before that act went into effect, as otherwise the purchaser would be deprived of the rights acquired under the protection of the former law.

The facts are stated in the opinion.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Francisco Oliveras Parodi, as the liquidator of the firm of Morales & Co., from a decision of the Registrar of Property of Arecibo, refusing to receive a deposit and to consummate certain other transactions in connection with the redemption of an estate bought at public auction by Alberto Gandía Córdova.

Alberta Gandía y Córdova bought a rural estate composed of 64 *cuerdas* of land, at public auction, situated in the *barrio* of Hato-Viejo in the municipal district of Arecibo, which had been levied upon as the property of Tomás Morales by the collector of internal revenues of Manatí for the payment of arrears of taxes. Said estate was recorded in the registry of property of that judicial district in favor of the purchaser, Alberto Gandía Córdova, by reason of the expiration of the 90 days within which, in accordance with section 348 of the Political Code, the debtor was allowed to redeem the estate sold. At this stage of the proceedings Francisco Oliveras Parodi, as the liquidator of Morales & Co., who alleged that they were the owners of the estate in question by purchase

from the former owner, Tomás Morales, according to a deed which was not recorded, applied to the Registrar of Property of Arecibo for the issuance of a certificate of redemption of said estate, after the deposit in the registry of the sum paid by the purchaser, with interest and costs, in accordance with the right which he alleged was granted him by the Act of March 14 last. The registrar, after consulting the Attorney General in regard to the matter, denied this request on the grounds set forth in the following decision:

"In accordance with the opinion of the Attorney General embodied in the preceding official communication, the deposit of the sum offered by Francisco Oliveras on behalf of the firm of Morales & Co. cannot be received, nor can any entry be made in this registry with reference to the estate sold at public auction and recorded in favor of Julio Gandía Córdova, because a certificate duly authenticated or an order of a court of competent jurisdiction has not been presented, as stated in the said official communication. Arecibo, April 25, 1907."

Francisco Oliveras Parodi took this appeal in due time from the decision of the registrar in order that this Supreme Court should decide what it might deem proper.

As the sale made to Alberto Gandía Córdova became irrevocable on account of the expiration of the 90 days fixed by section 348 of the Political Code as the period within which to make the redemption, for which reason the certificate of sale was recorded in favor of the successful bidder and, subsequently, in favor of his assignee, Julio Gandía Córdova, in accordance with the provisions of section 351 of the said Political Code, the provisions of the new Act of March 14 last amending section 348 of the said Political Code, section 12 of which provides:

"That the owner of any real property heretofore or hereafter sold for taxes, his heirs or assigns, or any person having a right or interest therein, may redeem the same within 180 days of the issue of the certificate of purchase by paying the purchaser, his heirs or assigns, the full amount of the purchase money, with annual interest at the rate of 12 per cent, together with all costs incurred and taxes due."

It cannot have a retroactive effect to deprive the purchaser, Alberto Gandía Córdova, and his successors of their rights acquired under the protection of the laws formerly in force, in accordance with the universal principles governing the matter, which have been recognized by section 3 of the Civil Code in force.

In this connection the appellant, Francisco Oliveras Parodi, who bases his right on the said Act of March 14 last, in seeking to redeem the estate already irrevocably acquired by the brothers, Gandía Córdova, cannot enforce any action against them to compel them to receive the price of the sale with interest and costs, unless they should voluntarily agree thereto, or were compelled to do so by a decree or judgment rendered by a judge or court of competent jurisdiction.

In view of the legal provisions cited, the decision of the Registrar of Property of Arecibo refusing to receive the deposit and to consummate the other transactions sought by Francisco Oliveras Parodi, as the liquidator of the firm of Morales & Co., is affirmed, and it is ordered that the documents presented be returned to the registrar together with a certified copy of this decision, for his information and the other purposes which may be proper in law.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.